1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10
11

THOMAS OLIVER,

12

Plaintiff,

vs.

13

JOSEPH MICHAUD, et al.,

14

Defendant.

15

CASE NO. 16cv53-LAB (JLB)

**ORDER DENYING MOTION TO REOPEN; AND**

**ORDER OF DISMISSAL**

16
17
18
19
20
21
22

Plaintiff, proceeding *pro se*, filed his complaint bringing state law claims, and identifying diversity as the basis for the Court's jurisdiction.  He also filed a motion to proceed *in forma pauperis* (IFP).  On March 22, the Court denied his IFP motion, because it was incomplete and contradictory, and showed he owned a rental home worth $189,000.  The Court also screened and dismissed his complaint without prejudice,[1] pointing out that it failed to invoke the Court's jurisdiction or to state a claim.

23
24
25
26
27
28

_____

[1] The Court is required to screen the complaints of all *pro se* litigants, and to dismiss them to the exten they fail to state a claim. See 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). Although Oliver had not yet been granted IFP status, the Court conducted this screening early, to avoid needless delay.  *See* Fed. R. Civ. P. 1.  The Court is also required to confirm its own jurisdiction, *sua sponte* if necessary.  *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (en banc).  This is mandatory; the Court may not adjudicate the case on the merits until jurisdiction has been established.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)) ("The Supreme Court has instructed lower courts to resolve jurisdictional issues before reaching the merits of a case.")

1    Specifically, the order pointed out that Oliver did not plead facts to show that the

2    threshold amount in controversy was met.  The facts as pled in the complaint make clear

3    some or all of the allegedly defamatory remarks are either time-barred or barred by the

4    litigation privilege.  Furthermore, although this is a defamation case, the complaint did not

5    allege what false statements were made about him or who said them, nor did it plead facts

6    to establish most of the elements of defamation.

7    The order required Oliver, within 28 days, to file an amended complaint remedying

8    the defects the order identified, and also to either file a renewed IFP motion or pay the filing

9    fee.  The order cautioned him: "**If Oliver does not do both within the time permitted, this**

10   **action will be dismissed without leave to amend.**" (emphasis in original)

11   Instead of obeying the Court's order, Oliver waited until June 14 and submitted a

12   motion to reopen his case, supported by a portion of his federal income tax return for 2015,

13   which the Court accepted for filing as a motion for reconsideration.

14   Oliver blames court staff for his tardiness, claiming that he had never received any

15   mailing or other notification telling him about the order.  He says he called the Court several

16   times to find out the status of his case.  When on May 20 he learned about the March 22

17   order, he went to the courthouse on June 2.  There, he says, the clerk told him "You'd be

18   surprised how often that physical notices are not sent out to *pro se* litigants."  It is unclear

19   whom Oliver spoke with, but the Court has inquired and confirmed it was not chambers staff.

20   Oliver misunderstands his obligations. While court staff attempt to keep litigants

21   informed of the status of their cases, the primary obligation falls on the litigants themselves.

22   *See Virtual Vision, Inc. v. Praegitzer Indus., Inc.*, 124 F.3d 1140, 1145 (9th Cir. 1997);  *In re*

23   *Delaney*, 29 F.3d 516, 517 (9th Cir. 1994); *In re Sweet Transfer & Storage, Inc.*, 896 F.2d

24   1189, 1193 (9th Cir. 1990). *But see Rouser v. White*, ___ F.3d ___, 2016 WL 3361543, at

25   *6 (9th Cir. 2016) (holding that court's failure to mail notices to *pro se* prisoner at the correct

26   address unfairly prejudiced him).

27   In this case, however, Oliver is fortunate; the Court has not yet dismissed his case

28   without leave to amend.  Furthermore, the Court is mindful of its obligation to dispose of

cases on the merits, where reasonably possible, rather than by default.  *See Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir 1986). The Court will therefore consider his motion for reconsideration, including his renewed request for leave to proceed IFP.

Oliver's motion for reconsideration attempts to address some of the defects in his IFP application, but does nothing to correct the jurisdictional and other defects.  Oliver argues that the rental home he owns has declined in value from $189,000 to $165,500.  This is below the median home value for this region, he points out.  This makes no difference to the outcome, however.  The home is not Oliver's own residence; he lives somewhere else.  Rather, it is an income-generating rental property, *i.e.*, a substantial, valuable asset.

Oliver's tax return is unhelpful, because all it shows is the income he reported, not the income he is now making.  According to his return, he earned a total of $2,271 from both business and rentals during the whole year.  Yet according to his original IFP motion, filed in January of 2016, his average <u>monthly</u> rental income for the previous 12 months was $1,135.  According to the IFP form he included with his motion for reconsideration, he received an average of $1,175 in rental income monthly.  In other words, something is wrong: Either Oliver's return under-reports his rental income, or his IFP applications are wrong, or both.

The Court's order pointed out another apparent contradiction.  According to his original IFP motion, he was running a monthly deficit of approximately $700 or $800, yet claimed to have no substantial assets (or at least, no substantial liquid assets) and no debts.  The Court considered the possibility that Oliver filed suit just as his cash accounts were nearing exhaustion, but put the onus on him to explain this.  (Docket no. 3, 2:4–5.)  The IFP form he included with his motion for reconsideration, five months later, shows the same problem.  His motion for reconsideration claims he is still at the point of exact exhaustion of his resources. That cannot reasonably be taken as true.  If, as Oliver claims, he had almost no cash and no debts in January, and then ran a $700 to $800 deficit for five months, he should be $3,500 to $4,000 in debt.  He should not still be in virtually the same financial position as he was in January.

Even with the additional explanation and documentation, Oliver's IFP application falls just as short as before. It is clear he has at least one substantial asset he could draw on, and the information he has provided to the Court is too contradictory and full of holes to establish that he is entitled to proceed IFP. To the extent Oliver seeks reconsideration of the denial of his IFP motion, his request is **DENIED**.  His renewed request for leave to proceed IFP is **DENIED WITHOUT PREJUDICE**.

But even if Oliver were permitted to proceed IFP, this action would still be dismissed. After reading the Court's order pointing out defects in his complaint, Oliver rejected the Court's decision and refused to obey its order.  He instead argued that he had met the pleading standards. While he said he would be willing to amend later in the course of litigation, he refuses to amend at this time.

Oliver's complaint is insufficient to invoke the Court's jurisdiction, or to state a claim. Yet he has failed to obey the Court's order requiring him to file an amended complaint, even after being warned that failure to do so would result in dismissal. And his latest filing makes clear he does not intend to obey it.  In other words, the case cannot go forward unless Oliver amends, which he refuses to do.  The Court is left with no other option than to dismiss.

This action is therefore **DISMISSED WITHOUT PREJUDICE, BUT WITHOUT LEAVE TO AMEND**, for failure to invoke the Court's jurisdiction, for failure to prosecute, and for disobedience to the Court's order.  *See* Docket no. 3 and Civil Local Rule 83.1(a).

**IT IS SO ORDERED**.

DATED:  June 29, 2016

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge